# U.S. District Court
## Eastern District of Arkansas (Northern Division)
## CIVIL DOCKET FOR CASE #: <u>3:25−cv−00224−BSM</u>
### *Internal Use Only*

BAS LLC v. Land
Assigned to: Judge Brian S. Miller
Cause: 42:1983 Other Civil Rights

Date Filed: 10/14/2025
Date Terminated: 03/09/2026
Jury Demand: Plaintiff
Nature of Suit: 290 Real Property: Other
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**BAS LLC**

represented by **Joseph R. Falasco**
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201−3325
501−379−1776
Email: jfalasco@qgtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Lanier O'Hara**
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201−3325
501−379−1747
Email: lohara@qgtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Tommy Land**
*in his capacity as Commissioner for the*
*State of Arkansas Commissioner of State*
*Lands*

represented by **Julius J. Gerard , IV**
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
501−682−3676
Fax: 501−682−2591
Email: julius.gerard@arkansasag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 10/14/2025 | 1 | COMPLAINT with Jury Demand against Tommy Land, filed by BAS LLC. Summons issued and returned to counsel. (Fee of $405 paid. Receipt Number LIT12331.) (Attachments: # 1 Civil Cover Sheet) (ajj) (Entered: 10/15/2025) |
| 10/15/2025 | 2 | WAIVER OF SERVICE Returned Executed as to Tommy Land by BAS LLC. (Falasco, Joseph) (Entered: 10/15/2025) |
| 10/17/2025 | 3 | Deficiency Letter from Clerk of Court re 1 Complaint notifying party that a Corporate Disclosure Statement was not filed with first appearance, pleading, petition, motion, response, or other request (F.R.Cv.P. 7.1). (ajj) (Entered: 10/17/2025) |
| 10/17/2025 | 4 | Corporate Disclosure Statement (Rule 7.1) by BAS LLC (O'Hara, Laura) (Entered: 10/17/2025) |
| 12/11/2025 | 5 | NOTICE of Appearance by Julius J. Gerard, IV on behalf of Tommy Land (Gerard, Julius) (Entered: 12/11/2025) |
| 12/11/2025 | 6 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Tommy Land (Gerard, Julius) (Entered: 12/11/2025) |
| 12/11/2025 | 7 | BRIEF IN SUPPORT re 6 Motion to Dismiss for Failure to State a Claim filed by Tommy Land. (Gerard, Julius) (Entered: 12/11/2025) |
| 12/12/2025 | 8 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 Brief in Support, 6 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by BAS LLC (Falasco, Joseph) (Entered: 12/12/2025) |
| 12/16/2025 | 9 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 8 motion for extension of time to file response/reply. Replies due by 1/14/2026. Signed by Judge Brian S. Miller on 12/16/2025. (mgj) (Entered: 12/16/2025) |
| 01/14/2026 | 10 | RESPONSE to Motion re 6 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by BAS LLC. (Falasco, Joseph) (Entered: 01/14/2026) |
| 03/09/2026 | 11 | ORDER granting 6 Tommy Land's motion to dismiss; and dismissing with prejudice BAS LLC's claims. Signed by Judge Brian S. Miller on 3/9/2026. (ljb) (Entered: 03/09/2026) |
| 03/09/2026 | 12 | JUDGMENT: Consistent with 11 order entered today, this case is dismissed with prejudice. Signed by Judge Brian S. Miller on 3/9/2026. (ljb) (Entered: 03/09/2026) |
| 04/06/2026 | 13 | NOTICE OF APPEAL as to 12 Judgment, 11 Order on Motion to Dismiss for Failure to State a Claim by BAS LLC. (Falasco, Joseph) (Entered: 04/06/2026) |
| 04/06/2026 | 14 | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to 13 Notice of Appeal re 11 Order, 12 Judgment. NOTIFICATION TO COUNSEL: REQUEST FOR TRANSCRIPTS SHOULD BE FILED WITH THE DISTRICT COURT CLERK. (jbh) (Entered: 04/06/2026) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BAS, LLC**                                                                                   **PLAINTIFF**

**v.**                                    **CASE NO: 3:25-cv-00224-BSM**

**TOMMY LAND,** in his capacity as
Arkansas Commissioner of State Lands                                    **DEFENDANT**

## ORDER

Tommy Land's motion to dismiss [Doc. No. 6] is granted.  BAS LLC's claims are

dismissed with prejudice.

## I.  BACKGROUND

BAS owned property in Greene County, Arkansas.  Compl. ¶¶ 4 and 11, Doc. No. 1.

On July 1, 2020, the Greene County clerk certified the property for non-payment of real

estate taxes.  *Id*. ¶ 20.  On August 17, 2021, Commissioner of State Lands, Tommy Land,

sent a notice of delinquency and future tax sale via certified mail, with return receipt

requested, to BAS at its address noted on the property's title.  *Id*. ¶¶ 15, 25, 27.  Although

that address was no longer associated with BAS, it was never changed on the title.  *Id*. ¶¶

13–18.  Land never received a return receipt, but he saw the electronic data stating that the

package was delivered to a "front desk, reception area, or mail room," despite the property

having none of these.  *Id*. ¶¶ 37, 40, 41.  On June 27, 2022, Land sent another notice by

certified mail, this time to the property's physical address, which was returned undelivered.

*Id*. ¶¶ 48, 50.  BAS owed $32,699.73 and the property was sold for $26,654.78.  Compl. ¶¶

56, 60. Greene County records value the property at $718,000.  *Id*. ¶ 57.

BAS filed a lawsuit in Greene County against Land under section 1983 for Fifth and Fourteenth Amendment due process violations; a Fifth Amendment Takings Clause claim; and violations of the Takings Clause under Article 2 of the Arkansas Constitution. *Id*. ¶¶ 68, 70, Ex. 13.  Land filed a motion for summary judgment claiming sovereign immunity. *Id*. ¶¶ 69, 71. The Greene County Circuit Court denied the motion because there was a fact dispute. *Id*. ¶ 72.  Land filed an interlocutory appeal and the Arkansas Supreme Court reversed the decision holding that there was not a factual dispute and that sovereign immunity applied.  *Id*. ¶¶ 73–74, 79.  Accordingly, the Circuit Court entered an order granting summary judgment and dismissing the claims against Land with prejudice.  *BAS, LLC v. AR Commissioner of State Lands*, Case No. 28CV-22-388.

BAS is now suing Land under section 1983 for (1) Fifth and Fourteenth Amendment due process violations; (2)  Eighth Amendment excessive fines violations; (3) violations of the Fifth Amendment Takings Clause; and (4) violations of the Takings Clause under Article 2 of the Arkansas Constitution.  Compl. ¶ 5.  Land moves to dismiss all claims.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*  In ruling on a 12(b)(6) motion

Appellate Case: 26-1635     Page: 4     Date Filed: 04/07/2026 Entry ID: 5626334   April 6 2026 p4

to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings

and matters of public record, may all be considered. *Mills v. City of Grand Forks*, <u>614 F.3d</u>

<u>495, 498</u> (8th Cir. 2010).

## III.  DISCUSSION

### A.    *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is not applicable because BAS is not "'complaining of

injuries caused by state-court judgments . . . and inviting district court review and rejection

of those judgments.'" *Riehm v. Engelking*, <u>538 F.3d 952, 964</u> (8th Cir. 2008) (quoting *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.,* <u>544 U.S. 280, 284</u> (2005)).  Rather, BAS is

reasserting the same claims in a different court.

### B.    Preclusion

Land's motion to dismiss based on preclusion is granted.  Claim preclusion bars

relitigation if (1) the first suit concluded with a final judgment on the merits; (2) the previous

court had proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits

involve the same claim or cause of action; and (5) both suits involve the same parties or their

privies.  *Scott v. City of Sherwood, Arkansas*, <u>94 F.4th 778, 780</u> (8th Cir. 2024).

The Greene County Circuit Court had proper jurisdiction over the previous case that

involved the same parties.  BAS's argument that there was not a final judgment on the merits

is well taken, but despite the fact that "sovereign immunity certainly has jurisdictional

qualities, [the Arkansas Supreme Court] historically has treated it like an affirmative

defense." *Walther v. FLIS Enters., Inc.*, <u>540 S.W.3d 264, 267</u> (Ark. 2018).  One method for

overcoming the sovereign immunity defense is by proving a violation of a constitutional right. *See Osage Creek Cultivation, LLC v. Arkansas Dep't of Fin. & Admin.*, 660 S.W.3d 843, 847 (Ark. 2023). The Arkansas Supreme Court granted summary judgment on BAS's claims because Land did not violate BAS's constitutional rights, thus, sovereign immunity applied. *See Land v. BAS, LLC*, 713 S.W.3d 1, 5 (Ark. 2025), reh'g denied (Sept. 4, 2025); *see also Scott*, 94 F.4th at 780–781 (res judicata applied because a dismissal with prejudice based on sovereign immunity was a final judgment on the merits).

The first suit was fully contested and briefed at the motion for summary judgment stage. The Arkansas Supreme Court analyzed BAS's due process and takings claims and established that they did not have merit and could not overcome a sovereign immunity defense. *Land*, 713 S.W.3d at 11. Finally, BAS asserts the same claims as it did in the previous case, along with a new Eighth Amendment excessive fines claim. The Eighth Amendment claim is also precluded because it arises from the same events as the previous lawsuit and could have been brought then. *See Faigin v. Diamante Members Club, Inc.*, 653 S.W.3d 383, 388 (Ark. Ct. App. 2022) (when a case is based on the same events as a previous lawsuit, res judicata applies even if the subsequent lawsuit raises new legal issues) Thus, BAS's claims are precluded.

BAS's claims are also barred pursuant to issue preclusion. Issue preclusion bars relitigating claims when (1) the issue sought to be precluded in the second suit is the same as the first suit; (2) the issue was litigated in the first suit; (3) the issue was determined by a valid and final judgment in the first suit; and (4) the determination of that issue was

essential to the judgment. *Scott*, 94 F.4th at 780. BAS seeks to relitigate the issue of whether Land violated BAS's right to be free from illegal takings and right to due process. The Arkansas Supreme Court decided that there was not a constitutional violation, which was essential to the determination that sovereign immunity applied. *Land*, 713 S.W.3d at 12–13. Accordingly, BAS's claims were dismissed with prejudice. *Nat'l Bank of Com. v. Dow Chem. Co.*, 1 S.W.3d 443, 447 (Ark. 1999) ("order granting summary judgment is a final adjudication on the merits"). Since these issues have already been fully litigated, they are barred.

IV. CONCLUSION

For these reasons, Land's motion to dismiss is granted. BAS's claims are dismissed with prejudice.

IT IS SO ORDERED this 9th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE

5

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BAS, LLC**                                                        **PLAINTIFF**

**v.**                          **CASE NO: 3:25-cv-00224-BSM**

**TOMMY LAND,** in his capacity as
Arkansas Commissioner of State Lands                **DEFENDANT**

### JUDGMENT

Consistent with the order entered today, this case is dismissed with prejudice.

IT IS SO ORDERED this 9th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

BAS, LLC                                                                                      **PLAINTIFF**

**v.**                                            **CASE NO: 3:25-CV-00224-BSM**

**TOMMY LAND, in his capacity as**
**Arkansas Commissioner of State Lands**                            **DEFENDANT**

## NOTICE OF APPEAL

Notice is hereby given that BAS, LLC, the Plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the Judgment entered in this action on March 9, 2026 (Docket No. 12), dismissing this case with prejudice, and the preceding Order granting Defendant's motion to dismiss entered on March 9, 2026 (Docket No. 11).

This appeal is taken pursuant to 28 U.S.C. § 1291, which grants the Courts of Appeals jurisdiction over appeals from all final decisions of the District Courts of the United States.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jfalasco@qgtlaw.com
lohara@qgtlaw.com

By: /s/ Joseph R. Falasco
     Joseph R. Falasco (Ark. Bar No. 2002163)
     Laura L. O'Hara (Ark. Bar No. 2021150)

*Attorneys for BAS, LLC*

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOA SUPPLEMENT

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

Date 4/6/2026

**Caption:**                              BAS LLC v. Land

**Case No.:**                             3:25-cv-00224-BSM

**Appellant:**                            BAS LLC

**Appellant's Attorney(s):**              Joseph R. Falasco, et al.

**Appellees:**                            Tommy Land

**Appellee's Attorney(s):**               Julius J. Gerard, IV

**Court Reporter(s):**                    N/A

**Name of Person who prepared appeal:** B. Hibbs, Deputy Clerk (501-604-5356)

| Length of Trial (# of days) | Fee Paid? Y/N: | IFP Granted? Y/N | Pending IFP Motion Pending? Y/N |
|---|---|---|---|
| N/A | N | N | N |

| Counsel Retained/Appointed/Pro Se | Pending Motions? Y/N |
|---|---|
| Retained | N |

**CRIMINAL CASES ONLY:**

**Is defendant incarcerated?**  _____

**Where?**  _____
**Address of Defendant:**  _____

**Please list all other defendants in this case if there were multiple defendants:**
_____

**Special Comments:** _____