# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

BAS, LLC,

               Appellant,

        v.

Tommy Land,

           Appellee.

No. 26-1635

## On Appeal from the United States District Court
## for the Eastern District of Arkansas

## OPENING BRIEF OF APPELLANT BAS, LLC

JOE FALASCO
LAURA L. O'HARA
Quattlebaum, Grooms & Tull PLLC
111 Center St, Suite 1900
Little Rock, AR, 72201
(501) 379-1776
jfalasco@qgtlaw.com
lohara@qgtlaw.com

ROBERT H. THOMAS
Pacific Legal Foundation
555 Capitol Mall
Suite 1290
Sacramento, CA 95814
(916) 419-7111
RThomas@pacificlegal.org

*Counsel for Appellant*

# SUMMARY OF THE CASE

To satisfy a $32,700 tax debt, State of Arkansas officials sold BAS's $1.5m property to a private investment firm for $26,654.78, without first providing adequate notice to BAS. The Arkansas Supreme Court dismissed BAS's constitutional due process and *Tyler* takings[1] claims for lack of jurisdiction because the State of Arkansas officials enjoy sovereign immunity and cannot be sued in an Arkansas court. BAS then brought the same federal claims in federal court. The district court concluded the state court's immunity dismissal was a judgment on the merits which must be given preclusive effect and dismissed the claims. BAS has thus been deprived of any forum to seek vindication of its constitutional rights.

This appeal presents an opportunity to clarify that when a state court dismisses a federal constitutional claim on state sovereign-immunity grounds, that dismissal is not a determination of the merits barring the plaintiff from pursuing the claim in a forum with jurisdiction to hear it. BAS requests 15 minutes per side for oral argument.

---

[1] In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the U.S. Supreme Court held that if property is sold to satisfy the owner's tax debt, the Takings Clause requires that the government must return any surplus over the taxes owed to the owner.

i

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1A, Appellant BAS, LLC, states that it is a California limited liability company, it does not have any stock which can be owned by a publicly traded company, and no publicly traded company owns more than 10% of its stock.

Appellate Case: 26-1635    Page: 3    Date Filed: 05/19/2026 Entry ID: 5641428

# TABLE OF CONTENTS

SUMMARY OF THE CASE ..................................................................i

CORPORATE DISCLOSURE STATEMENT ..............................................ii

TABLE OF AUTHORITIES............................................................v

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES........................................................2

STATEMENT OF THE CASE .........................................................4

    A. Factual Background .......................................................4

    B. Procedural History .......................................................8

    C. Rulings Presented for Review ...........................................13

SUMMARY OF THE ARGUMENT ......................................................13

ARGUMENT .....................................................................15

  I.   BAS's Claims are Not Precluded Because the Previous State Court Judgment Was Not on the Merits...........................15

    A. Under Arkansas Law, a Sovereign Immunity Dismissal Is Jurisdictional .......................................................17

    B. The Arkansas Supreme Court's Sovereign-Immunity Ruling Was Not on the Merits............................................22

    C. *Scott v. City of Sherwood* does not control ..............................24

    D. The Eighth Amendment Claim Likewise Is Not Precluded under the "Could Have Been Brought" Theory.........................27

  II.  BAS's Claims Are Not Precluded Under Collateral Estoppel Because the Issues Are Different................................29

    A. Application of Collateral Estoppel Requires the Same Narrow Issue to Be at Issue in Both Cases.............................29

    B. Arkansas Interprets "Same Issue" Narrowly, and a Threshold Immunity Determination Is Not the Same Issue as Substantive Constitutional Liability ...............31

iii

C. The Arkansas Supreme Court Never Decided BAS's Actual Takings Theory ...................................................................... 34

III. Applying *Res Judicata* to BAS's Claims Would Work an Injustice ................................................................................ 37

A. *Res Judicata* and Collateral Estoppel Should Not Be Applied so Rigidly to Work an Injustice ................................. 38

B. Land's Preclusion Argument Is Irreconcilable with His Sovereign Immunity Defense .............................................. 41

C. Applying Preclusion Here Would Deny BAS Any Forum for Its Constitutional Claims ................................................... 42

CONCLUSION ....................................................................................... 44

CERTIFICATE OF COMPLIANCE ........................................................ 46

CERTIFICATE OF SERVICE ................................................................. 47

Addendum

Attachment 1: District Court Order, March 9, 2026

Attachment 2: Final Judgment, March 9, 2026

Attachment 3: Arkansas Supreme Court Opinion, June 5, 2025

Appellate Case: 26-1635     Page: 5     Date Filed: 05/19/2026 Entry ID: 5641428

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC,*
2022 Ark. 140, 646 S.W.3d 99 ................................................. *passim*

*Ark. Dev. Fin. Auth. v. Wiley,*
2020 Ark. 395, 611 S.W.3d 493 ................................................. 20, 25

*Ark. La. Gas Co. v. Taylor,*
314 Ark. 62, 858 S.W.2d 88 (1993) .................................... 3, 15, 38, 43

*Ark. Tech Univ. v. Link,*
341 Ark. 495, 17 S.W.3d 809 (2000) ........................................ *passim*

*Bd. of Trs. of Univ. of Ark. v. Andrews,*
2018 Ark. 12, 535 S.W.3d 616 ................................................. *passim*

*Beebe v. Fountain Lake Sch. Dist.,*
365 Ark. 536, 231 S.W.3d 628 (2006) .................................... 26–27, 31

*Bisbee v. Decatur State Bank,*
2010 Ark. App. 459, 376 S.W.3d 505 ............................................. 38

*Brandon v. Ark. W. Gas Co.,*
76 Ark. App. 201, 61 S.W.3d 193 (2001) ........................................ 39

*Brown v. Ark. State HVACR Lic. Bd.,*
336 Ark. 34, 984 S.W.2d 402 (1999) ......................................... 15, 18

*Brown v. Kansas City Live, LLC,*
931 F.3d 712 (8th Cir. 2019) .................................................... 29

*Brown v. Wyatt,*
89 Ark. App. 306, 202 S.W.3d 555 (2005) ...................................... 30

*Carwell Elevator Co. v. Leathers,*
352 Ark. 381, 101 S.W.3d 211 (2003) ........................................ 37, 42

*Cater v. Cater,*
311 Ark. 627, 846 S.W.2d 173 (1993) ........................................ 40, 42

Appellate Case: 26-1635   Page: 6   Date Filed: 05/19/2026 Entry ID: 5641428

*Charchenko v. City of Stillwater,*
47 F.3d 981 (8th Cir. 1995) .................................................................. 28

*Craven v. Fulton Sanitation Serv., Inc.,*
361 Ark. 390, 206 S.W.3d 842 (2005) ................................................. 29

*EEE Minerals, LLC v. State of North Dakota,*
81 F.4th 809 (8th Cir. 2023) ................................................................. 43

*First Commercial Bank v. Walker,*
333 Ark. 100, 969 S.W.2d 146 (1998) ................................................. 18

*Fisher v. Jones,*
311 Ark. 450, 844 S.W.2d 954 (1993) ........................................... 30, 35

*Estate of Goston v. Ford Motor Co.,*
320 Ark. 699, 898 S.W.2d 471 (1995) ..................................... 3, 30, 36

*Grine v. Bd. of Trs.,*
338 Ark. 791, 2 S.W.3d 54 (1999) ................................................. 15, 18

*Guidry v. Harp's Food Stores, Inc.,*
66 Ark. App. 93, 987 S.W.2d 755 (1999).................................... *passim*

*Idaho v. Coeur d'Alene Tribe,*
521 U.S. 261 (1997)............................................................................... 21

*Kamilche Co. v. United States,*
53 F.3d 1059 (9th Cir. 1995)................................................................. 36

*Knick v. Township of Scott,*
588 U.S. 180 (2019)......................................................................... 3, 43

*Laase v. County of Isanti,*
638 F.3d 853 (8th Cir. 2011)................................................................. 17

*Land v. BAS, LLC,*
2025 Ark. 107, 713 S.W.3d 1 .................................................... *passim*

*Liberty Mut. Ins. Co. v. FAG Bearings Corp.,*
335 F.3d 752 (8th Cir. 2003)................................................................. 40

*Luckett v. Ark. Parole Bd.,*
2024 Ark. 139, 697 S.W.3d 518 ....................................... 2, 16–17, 27

vi

Appellate Case: 26-1635    Page: 7    Date Filed: 05/19/2026 Entry ID: 5641428

*Monroe v. Pape,*
365 U.S. 167 (1961)........................................................ 3, 15, 40, 42

*Muntaqim v. Payne,*
2021 Ark. 162, 628 S.W.3d 629 ................................................ 20, 25

*Orr v. Hudson*, 2010 Ark. 484, 374 S.W.3d 686.....................................25

*Palmer v. Arkansas Council on Economic Educ.,*
344 Ark. 461, 40 S.W.3d 784 (2001) .................................................30

*Scott v. City of Sherwood,*
94 F.4th 778 (8th Cir. 2024) ....................................... *passim*

*Semtek Int'l Inc. v. Lockheed Martin Corp.,*
531 U.S. 497 (2001)....................................................................21

*Smith v. Roane,*
284 Ark. 568, 683 S.W.2d 935 (1985) ...............................................30

*St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.,*
539 F.3d 809 (8th Cir. 2008)..........................................................17

*State Office of Child Support Enforcement v. Willis,*
347 Ark. 6, 59 S.W.3d 438 (2001) ................................................ 30, 38

*Toran v. Provident Life & Accident Ins. Co.,*
297 Ark. 415, 764 S.W.2d 40 (1989) ............................................ 15, 24

*Travelers Cas. & Sur. Co. v. Ark. State Hwy. Comm'n,*
353 Ark. 721, 120 S.W.3d 50 (2003) ............................................ 18–19

*Tyler v. Hennepin County,*
598 U.S. 631 (2023)................................................................. *passim*

*UAMS v. Adams,*
354 Ark. 21, 117 S.W.3d 588 (2003) ............................................ 15, 18

*United States v. Knowles,*
817 F.3d 1095 (8th Cir. 2016).........................................................26

*Walther v. FLIS Enterprises, Inc.,*
2018 Ark. 64, 540 S.W.3d 264 ......................................... 2, 19–20, 25

*Webster v. Fall,*
266 U.S. 507 (1925)....................................................................26

Appellate Case: 26-1635    Page: 8    Date Filed: 05/19/2026 Entry ID: 5641428

*Williams v. McCoy*,
2018 Ark. 17, 535 S.W.3d 266 ...................................................... 22, 33

*Wis. Dep't of Corr. v. Schacht*,
524 U.S. 381 (1998) ........................................................................ 20

*Wyatt v. Cole*,
504 U.S. 158 (1992) ................................................................... 40, 42

## Constitutions

U.S. Const. amend. V ........................................................ 9, 11, 22, 31

U.S. Const. amend. VIII .................................................... *passim*

U.S. Const. amend. XI ..................................................... 20, 37, 42

U.S. Const. amend. XIV ...................................................... 9, 11, 31

Ark. Const. art. 2, § 22 ............................................................. 9, 11

Ark. Const. art. 5, § 20 ............................................. *passim*

## Statutes

28 U.S.C. § 1291 ........................................................................... 1

28 U.S.C. § 1331 ........................................................................... 1

28 U.S.C. § 1343(a)(3) .................................................................. 1

28 U.S.C. § 1738 ......................................................................... 16

42 U.S.C. § 1983 .................................................................. *passim*

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................... 11

Fed. R. Civ. P. 12(h)(3) ............................................................... 27

Fed. R. Civ. P. 41(b) .................................................................... 21

## Other Authorities

Br. of Appellant, *Scott v. City of Sherwood*, No. 23-1148
2023 WL 2948802 (8th Cir. Apr. 5, 2023) ........................................ 25

Appellate Case: 26-1635    Page: 9    Date Filed: 05/19/2026 Entry ID: 5641428

Restatement (Second) of Judgments § 20(1)(a) (1982) .............. 21, 27–28

Restatement (Second) of Judgments § 26 (1982) ........................... *passim*

18 Wright, Charles Alan et al.,
   Federal Practice & Procedure (3d ed.) ........................................ 36, 40

ix

Appellate Case: 26-1635    Page: 10    Date Filed: 05/19/2026 Entry ID: 5641428

# JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). BAS brought its claims under 42 U.S.C. § 1983, alleging that Land, acting under color of state law, deprived BAS of property without due process and in violation of the Takings and Excessive Fines Clauses of the United States Constitution. Jt. App. 013–018; R. Doc. 1, at 11–16.

This Court has jurisdiction under 28 U.S.C. § 1291. On March 9, 2026, the district court granted Land's motion to dismiss on claim- and issue-preclusion grounds and entered final judgment dismissing the action with prejudice. Jt. App. 073; R. Doc. 11; Jt. App. 078; R. Doc. 12. That order and judgment disposed of all claims of all parties.

BAS filed its notice of appeal on April 6, 2026, within 30 days after entry of the judgment. Jt. App. 079; R. Doc. 13.

1

Appellate Case: 26-1635    Page: 11    Date Filed: 05/19/2026 Entry ID: 5641428

# STATEMENT OF THE ISSUES

I.     Whether a state-court dismissal on sovereign-immunity grounds constitutes a "final judgment on the merits" and bars BAS's federal § 1983 claims.

Most Apposite Authorities:

Ark. Const. art. 5, § 20

*Scott v. City of Sherwood*, 94 F.4th 778 (8th Cir. 2024)

*Walther v. FLIS Enterprises, Inc.*, 2018 Ark. 64, 540 S.W.3d 264

*Luckett v. Ark. Parole Bd.*, 2024 Ark. 139, 697 S.W.3d 518

*Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, 646 S.W.3d 99

II.     Whether the district court erred in applying issue preclusion when the sovereign-immunity determination in the prior proceeding is not the same issue as substantive constitutional liability under § 1983.

Most Apposite Authorities:

*Tyler v. Hennepin County*, 598 U.S. 631 (2023)

*Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999)

2

Appellate Case: 26-1635    Page: 12    Date Filed: 05/19/2026 Entry ID: 5641428

*Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995)

III. Whether applying res judicata to bar BAS's claims would work an injustice by denying BAS any forum to vindicate its federal constitutional rights, where sovereign immunity closed the state courthouse and preclusion would close the federal courthouse.

Most Apposite Authorities:

42 U.S.C. § 1983

Restatement (Second) of Judgments § 26(1)(c) (1982)

*Monroe v. Pape*, 365 U.S. 167 (1961)

*Knick v. Township of Scott*, 588 U.S. 180 (2019)

*Ark. La. Gas Co. v. Taylor*, 314 Ark. 62, 858 S.W.2d 88 (1993)

Appellate Case: 26-1635    Page: 13    Date Filed: 05/19/2026 Entry ID: 5641428

## STATEMENT OF THE CASE

### A. Factual Background

BAS, LLC is a California limited liability company formed by brothers Gary Solnit and Jay Solnit. Jt. App. 003, 005; R. Doc. 1, at 1, 3, ¶¶ 2, 9. Since its inception, BAS has operated from 9675 Brighton Way, Suite 330, Beverly Hills, California 90210. Jt. App. 005; R. Doc. 1, at 3, ¶ 10. BAS has never had any other address. *Id.*

In October 2016, BAS purchased commercial property in Paragould, Arkansas (the "property"). Jt. App. 005; R. Doc. 1, at 3, ¶ 11. By mistake, the property's deed listed BAS's mailing address as 3735 Winford Drive, Tarzana, California—a home that Gary Solnit was temporarily renting while his family residence was being remodeled. Jt. App. 006; R. Doc. 1, at 4, ¶¶ 13–15. Gary rented the Winford Drive home at some point in 2016 and stayed there only until the middle of 2017. Jt. App. 006; R. Doc. 1, at 4, ¶ 14. During the closing process, Gary noticed the address error and requested that the title company change it. Jt. App. 006; R. Doc. 1, at 4, ¶¶ 16–17. By some oversight, the address was never corrected. Jt. App. 006; R. Doc. 1, at 4, ¶ 18.

4

Appellate Case: 26-1635    Page: 14    Date Filed: 05/19/2026 Entry ID: 5641428

When Gary moved out of the Winford Drive home, he completed a personal change-of-address form but did not file one for BAS, because he did not believe BAS had ever operated out of that address and he believed the title had already been corrected as he had requested. Jt. App. 006; R. Doc. 1, at 4, ¶ 19.

BAS failed to pay its property taxes for 2017 and 2018. Jt. App. 041; R. Doc. 1-16, at 2; *Land v. BAS, LLC*, 2025 Ark. 107, at 2, 713 S.W.3d 1, 3. On July 1, 2020, the Greene County Clerk certified the BAS property to Land for nonpayment. Jt. App. 006; R. Doc. 1, at 4, ¶ 20. Land conducted a Records and Lien Search, which identified BAS as the record owner and listed BAS's address as 3735 Winford Drive, Tarzana, California. Jt. App. 006; R. Doc. 1, at 4, ¶¶ 21–22.

On August 17, 2021, Land sent a notice of delinquency and future tax sale to BAS at the Tarzana address via certified mail, return receipt requested. Jt. App. 007; R. Doc. 1, at 5, ¶¶ 25, 27. The notice stated that the property would be sold on August 2, 2022, if BAS did not pay all taxes, penalties, interest, and costs before that date. Jt. App. 007; R. Doc. 1, at 5, ¶ 26.

Appellate Case: 26-1635    Page: 15    Date Filed: 05/19/2026 Entry ID: 5641428

Certified mail ordinarily requires a signature from the intended recipient. Jt. App. 007; R. Doc. 1, at 5, ¶ 28. But in 2021, the United States Postal Service had modified its certified-mail procedures for COVID-19 social distancing. Under those procedures, carriers were permitted to enter their own initials on an electronic device in lieu of obtaining the recipient's signature and were instructed to leave items in "an appropriate location." Jt. App. 007; R. Doc. 1, at 5, ¶¶ 29–30. Land did not know that these modified procedures were in effect when BAS's notice was sent. Jt. App. 008; R. Doc. 1, at 6, ¶ 32.

Land never received a physical return receipt for the August 2021 notice. Jt. App. 008; R. Doc. 1, at 6, ¶ 38. The USPS tracking data stated that the notice had been "delivered" to a "front desk, reception area, or mail room" at the Tarzana address on August 24, 2021. Jt. App. 008–009; R. Doc. 1, at 6–7, ¶¶ 33, 41. The Tarzana address is a residence in a typical suburban neighborhood. It does not have a front desk, reception area, or mail room. Jt. App. 008; R. Doc. 1, at 6, ¶ 34. Neither BAS nor its representatives resided there at the time. Jt. App. 008; R. Doc. 1, at 6, ¶ 36. BAS did not receive the notice. Jt. App. 008; R. Doc. 1, at 6, ¶ 37.

6

Appellate Case: 26-1635    Page: 16    Date Filed: 05/19/2026 Entry ID: 5641428

Land saw the tracking data but did not conduct any further research to verify delivery. Jt. App. 009; R. Doc. 1, at 7, ¶ 41. He did not attempt to determine whether the Winford Drive address had a front desk, reception area, or mail room. Jt. App. 009; R. Doc. 1, at 7, ¶ 42. He did not check the California Secretary of State website, the Arkansas Secretary of State website, or the Greene County Collector's office for an alternative address. Jt. App. 009; R. Doc. 1, at 7, ¶¶ 43–45. A simple business-entity search on the California Secretary of State website would have returned BAS's Brighton Way address, which has been listed there since BAS's initial filing in May 2016. Jt. App. 009; R. Doc. 1, at 7, ¶ 46.

On June 27, 2022, Land sent a second notice by certified mail to the property's physical address in Paragould, Arkansas. Jt. App. 010; R. Doc. 1, at 8, ¶ 48. That notice was returned to Land undelivered, marked "ATTEMPTED—NOT KNOWN UNABLE TO FORWARD." Jt. App. 010; R. Doc. 1, at 8, ¶ 50. Land took no additional steps after that. Jt. App. 010; R. Doc. 1, at 8, ¶ 54.

Land proceeded with the sale on August 2, 2022. Jt. App. 010; R. Doc. 1, at 8, ¶ 55. At the time, BAS owed $32,699.73 in taxes, penalties, interest, and costs. Jt. App. 010; R. Doc. 1, at 8, ¶ 56. An appraisal valued

7

Appellate Case: 26-1635     Page: 17     Date Filed: 05/19/2026 Entry ID: 5641428

the property at $1.5 million. Jt. App. 011; R. Doc. 1, at 9, ¶ 57. Greene County real estate records valued it at more than $718,000. Jt. App. 011; R. Doc. 1, at 9, ¶ 58. Parcel Strategies, LLC and Banyan Capital Investments, LLC purchased the property at auction for $26,654.78. Jt. App. 011; R. Doc. 1, at 9, ¶¶ 59–60.

In October 2022, BAS was served with the purchasers' quiet-title action. Jt. App. 011; R. Doc. 1, at 9, ¶ 64. This was BAS's first actual notice that its property had been sold. *Id.* Upon learning of the sale, Gary Solnit arranged for the total amount of taxes owed to be deposited into the court's registry. Jt. App. 011; R. Doc. 1, at 9, ¶ 65.

### B. Procedural History

#### 1. *State Court Proceedings*

On October 31, 2022, BAS filed a complaint in the Circuit Court of Greene County, Arkansas, contesting the validity of the tax sale and naming Land as defendant. Jt. App. 012; R. Doc. 1, at 10, ¶ 66. The purchasers of the property, Parcel Strategies, LLC, and Banyan Capital Investments, LLC, had separately filed a quiet title action. Jt. App. 011; R. Doc. 1, at 9, ¶ 64. The two cases were consolidated on February 17, 2023. Jt. App. 012; R. Doc. 1, at 10, ¶ 67.

8

Appellate Case: 26-1635     Page: 18     Date Filed: 05/19/2026 Entry ID: 5641428

On March 6, 2024, BAS filed a First Amended Complaint. Jt. App. 012; R. Doc. 1, at 10, ¶ 68; Jt. App. 020; R. Doc. 1-13. The amended complaint added claims under 42 U.S.C. § 1983 for violations of due process under the Fifth and Fourteenth Amendments and a takings claim under the Fifth Amendment and Article 2, Section 22 of the Arkansas Constitution. Jt. App. 026–030; R. Doc. 1-13, at 6–11. BAS sought both monetary damages and injunctive relief in the form of setting aside the tax sale. Jt. App. 012; R. Doc. 1, at 10, ¶¶ 68, 70.

On August 2, 2024, Land filed a motion for summary judgment asserting that sovereign immunity barred BAS's claims. Jt. App. 012; R. Doc. 1, at 10, ¶ 69. At the hearing on August 29, 2024, BAS elected to pursue injunctive relief only, waiving its claim for monetary damages. Jt. App. 012; R. Doc. 1, at 10, ¶ 70; Jt. App. 034; R. Doc. 1-14, at 1.

On September 5, 2024, the circuit court denied Land's motion. Jt. App. 012; R. Doc. 1, at 10; ¶ 72; Jt. App. 034; R. Doc. 1-14. The court found that BAS's allegations of due process violations, if proven, fell within a recognized exception to sovereign immunity, and that factual issues remained regarding whether Land's notice efforts met constitutional requirements. Jt. App. 035–036; R. Doc. 1-14, at 2–3. The court did not

9

Appellate Case: 26-1635    Page: 19    Date Filed: 05/19/2026 Entry ID: 5641428

reach the merits of BAS's constitutional claims. Jt. App. 035–037; R. Doc. 1-14, at 3–4. Land took an interlocutory appeal. Jt. App. 012; R. Doc. 1, at 10, ¶ 73.

On June 5, 2025, a divided Arkansas Supreme Court reversed. *Land*, 2025 Ark. 107, 713 S.W.3d 1; Jt. App. 040; R. Doc. 1-16. The majority[2] concluded that BAS had failed to plead an unconstitutional act that would overcome sovereign immunity. *Land*, 2025 Ark. at 9, 713 S.W.3d at 11–12. The court did not rule on the merits of BAS's claims independently of the sovereign-immunity analysis. *See id.* at 6, 713 S.W.3d at 5 (framing the issue as whether BAS had "failed to allege an illegal or unconstitutional act that would overcome sovereign immunity"). Chief Justice Baker concurred in part and dissented in part and would have allowed the federal claims to proceed. *Id.* at 12, 713 S.W.3d at 16. Justice Hudson dissented, concluding that BAS had alleged an unconstitutional state action. *Id.* at 12–14, 713 S.W.3d at 17–19. Justice Womack also dissented. *Id.* at 14, 713 S.W.3d at 19.

---

[2]Justice Bronni wrote the majority opinion in which two justices directly joined. Justice Webb concurred without opinion.

Appellate Case: 26-1635    Page: 20    Date Filed: 05/19/2026 Entry ID: 5641428

The court denied rehearing on September 4, 2025. *Land*, 713 S.W.3d 1, *reh'g denied* (Sep. 4, 2025). The mandate issued on September 15, 2025. Jt. App. 013; R. Doc. 1, at 11, ¶ 79; Jt. App. 039; R. Doc. 1-16. On September 29, 2025, the Greene County Circuit Court entered summary judgment in favor of Land and dismissed BAS's claims with prejudice. *See* Jt. App. 058; R. Doc. 7, at 2 n.1.

## 2. *Federal Court Proceedings*

On October 14, 2025, BAS filed this action in the United States District Court for the Eastern District of Arkansas. Jt. App. 003; R. Doc. 1. BAS asserted claims under 42 U.S.C. § 1983 for (1) violations of due process under the Fifth and Fourteenth Amendments, (2) violations of the Eighth Amendment's prohibition on excessive fines, (3) a taking without just compensation under the Fifth Amendment, and (4) a taking under Article 2, Section 22 of the Arkansas Constitution. Jt. App. 013–018; R. Doc. 1, at 11–16, ¶¶ 82–115. The Eighth Amendment claim had not been raised in state court. Jt. App. 013–014; R. Doc. 1, at 11–12, ¶¶ 82–83; Jt. App. 020; R. Doc. 1-13.

Land moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the *Rooker-Feldman* doctrine and res judicata

11

Appellate Case: 26-1635    Page: 21    Date Filed: 05/19/2026 Entry ID: 5641428

barred all of BAS's claims. Jt. App. 055–056; R. Doc. 6; Jt. App. 057; R. Doc. 7. BAS opposed the motion. Jt. App. 064; R. Doc. 10.

On March 9, 2026, the district court granted the motion to dismiss with prejudice. Jt. App. 073; R. Doc. 11. The court rejected Land's *Rooker-Feldman* argument, holding that BAS was "reasserting the same claims in a different court" rather than seeking appellate review of the state-court judgment. Jt. App. 075; R. Doc. 11, at 3. The court nonetheless dismissed all claims on preclusion grounds. Jt. App. 075–077; R. Doc. 11, at 3–5.

On claim preclusion, the court held that the state-court dismissal on sovereign-immunity grounds was a final judgment on the merits. Jt. App. 075–076; R. Doc. 11, at 3–4. The court held that BAS's due process and takings claims were the same claims litigated in state court and that the Eighth Amendment claim was also precluded because it "arises from the same events as the previous lawsuit and could have been brought then." Jt. App. 076; R. Doc. 11, at 4. The court also applied issue preclusion, holding that the Arkansas Supreme Court's determination that no constitutional violation occurred was essential to its sovereign-immunity ruling. Jt. App. 076–077; R. Doc. 11, at 4–5.

12

BAS filed a timely notice of appeal. Jt. App. 079; R. Doc. 13.

## C. Rulings Presented for Review

BAS appeals the district court's order granting Land's motion to dismiss with prejudice on claim-preclusion and issue-preclusion grounds. Jt. App. 075-077; R. Doc. 11, at 3–5.

## SUMMARY OF THE ARGUMENT

A state court's judgment that government officials cannot be sued in state court is not a judgment on the merits which precludes later litigation in a forum where those officials can be sued. Whether the state court's judgment bars BAS from asserting its federal constitutional claims in federal court turns on Arkansas preclusion law, and the Arkansas Supreme Court has repeatedly confirmed that when the defendant enjoys sovereign immunity, the court "acquires no jurisdiction" to adjudicate the substance of the plaintiff's claims. *Ark. Tech Univ. v. Link*, 341 Ark. 495, 501, 17 S.W.3d 809, 813 (2000). And on interlocutory review of an immunity ruling, a "decision on the merits . . . is outside [the court's] jurisdiction." *Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, at 7, 646 S.W.3d 99, 103. The Arkansas Supreme Court's ruling here was final, but it never reached the actual merits of BAS's takings

13

Appellate Case: 26-1635    Page: 23    Date Filed: 05/19/2026 Entry ID: 5641428

and due process claims—and could not have under Arkansas interlocutory review rules. The Eighth Amendment excessive-fines claim is not precluded either, because sovereign immunity would have blocked that claim from reaching the merits too.

Issue preclusion fares no better. Arkansas interprets "same issue" narrowly, and a sovereign-immunity determination is not the same issue as substantive constitutional liability under § 1983. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 101, 987 S.W.2d 755, 759 (1999), drew exactly this distinction between qualified immunity and tort liability. The same logic applies here. And on BAS's takings claim, the state court never even addressed the *Tyler v. Hennepin County*, 598 U.S. 631 (2023), theory that retaining surplus equity from a tax sale is itself an unconstitutional taking. You cannot preclude an issue nobody decided.

Finally, even if the technical elements of preclusion could be met, applying res judicata here would leave BAS with no forum at all. The state court said sovereign immunity bars its claims. Land now says preclusion bars them in federal court. The result is that Land took BAS's $1.5 million property to satisfy a $32,700 debt and faces no accountability anywhere. That is the kind of injustice Arkansas courts have said res

14

Appellate Case: 26-1635    Page: 24    Date Filed: 05/19/2026 Entry ID: 5641428

judicata cannot produce. *See Ark. La. Gas Co. v. Taylor*, 314 Ark. 62, 67, 858 S.W.2d 88, 91 (1993). And it is irreconcilable with § 1983's purpose of providing a federal remedy when state processes fail to protect constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 180 (1961).

## ARGUMENT

### I. BAS's Claims are Not Precluded Because the Previous State Court Judgment Was Not on the Merits

The district court dismissed BAS's federal claims because it held that the Arkansas courts had already decided them, which precluded BAS from taking a second shot. But Arkansas sovereign immunity is "jurisdictional immunity from suit"—a constitutional bar, rooted in Article 5, Section 20, of the Arkansas Constitution, on the court's authority to adjudicate a controversy against the State. *Bd. of Trs. of Univ. of Ark. v. Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d 616, 619; *Brown v. Ark. State HVACR Lic. Bd.*, 336 Ark. 34, 37–38, 984 S.W.2d 402, 403 (1999). When the bar applies, "the trial court acquires no jurisdiction." *Link*, 17 S.W.3d at 813; *Grine v. Bd. of Trs.*, 338 Ark. 791, 796–97, 2 S.W.3d 54, 58 (1999); *UAMS v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003). And Arkansas claim preclusion law requires jurisdiction for a suit to be on the merits. *Toran v. Provident Life & Accident Ins. Co.*, 297 Ark. 415, 419,

15

Appellate Case: 26-1635     Page: 25     Date Filed: 05/19/2026 Entry ID: 5641428

764 S.W.2d 40, 42 (1989) (stating that claim preclusion requires "a valid and final judgment rendered on the merits *by a court of competent jurisdiction*" (emphasis added)).

Thus, the Arkansas Supreme Court held *only* that sovereign immunity barred BAS from suing a state official in Arkansas courts, dismissing the case for lack of jurisdiction without reaching the merits of BAS's federal constitutional claims. *See Land*, 2025 Ark. 107, 713 S.W.3d 1. That is a jurisdictional ruling, not a merits ruling. Under Arkansas law, claim preclusion requires a final judgment on the merits. *Luckett v. Ark. Parole Bd.*, 2024 Ark. 139, at 3, 697 S.W.3d 518, 520. Without that foundation, the doctrine does not apply.

The district court misapplied Arkansas preclusion law. As a result, BAS has no forum in which to bring its claim that Arkansas officials violated the U.S. Constitution: Arkansas courts say that these officials cannot be sued in Arkansas courts, while the federal district court barred the door to BAS because the prior jurisdictional dismissal resolved its claims. The dismissal should be reversed.

16

## A. Under Arkansas Law, a Sovereign Immunity Dismissal Is Jurisdictional

This Court reviews de novo a dismissal based on claim preclusion. *Scott*, 94 F.4th at 780. "By enacting the Full Faith and Credit Statute, 28 U.S.C. § 1738, 'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Because Arkansas rendered the first judgment, Arkansas law controls the preclusion analysis. *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008); *Scott*, 94 F.4th at 780.

Under Arkansas law, claim preclusion applies only when all five elements are satisfied: (1) the first suit concluded with a final judgment on the merits; (2) the court in the first suit had proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Scott*, 94 F.4th at 780 (citing *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006)); *Luckett*, 2024 Ark. at 3, 697 S.W.3d at 520.

17

Appellate Case: 26-1635   Page: 27   Date Filed: 05/19/2026 Entry ID: 5641428

Whether an Arkansas government official enjoys Arkansas sovereign immunity under the Arkansas Constitution is determined "entirely from the pleadings." *Andrews*, 535 S.W.3d at 619; *Travelers Cas. & Sur. Co. v. Ark. State Hwy. Comm'n,* 353 Ark. 721, 726, 120 S.W.3d 50, 52 (2003). The Arkansas Supreme Court has made it clear that the merits are not reached on a sovereign immunity ruling: "in an interlocutory appeal from an order denying a motion to dismiss based on sovereign immunity, a decision on the merits . . . is outside of our jurisdiction." *2600 Holdings*, 2022 Ark. 140, at 7, 646 S.W.3d 99, 103 (citing Ark. R. App. P.-Civ. 2(a)(10)) (applying also to interlocutory review of an order denying summary judgment on sovereign-immunity grounds). Under Arkansas preclusion law, the adjudication on the merits requirement "presupposes that the court in which the claim was litigated properly had jurisdiction over those proceedings." *First Commercial Bank v. Walker*, 333 Ark. 100, 108, 969 S.W.2d 146, 150 (1998).

The Arkansas Supreme Court has held since at least *Brown* in 1999 that "where the pleadings show the action is one against the State, the trial court acquires no jurisdiction." 984 S.W.2d at 403; *accord Link*, 17 S.W.3d at 813; *Grine,* 2 S.W.3d at 57; *Adams,* 117 S.W.3d at 590;

18

Appellate Case: 26-1635     Page: 28     Date Filed: 05/19/2026 Entry ID: 5641428

*Travelers*, 120 S.W.3d at 54; *Andrews*, 535 S.W.3d at 619. The doctrine is a "constitutional declaration" flowing from Article 5, Section 20, which provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20; *Link*, 17 S.W.3d at 813. The sovereign immunity doctrine is a limit on the court's authority to adjudicate based on the "identity of the litigants," which is why it is jurisdictional but not subject-matter jurisdiction. *See Walther v. FLIS Enterprises, Inc.*, 2018 Ark. 64, at 4, 540 S.W.3d 264, 267.

The Arkansas Supreme Court did not alter the jurisdictional nature of a sovereign immunity dismissal in *Walther*. 2018 Ark. 64, at 3–4, 540 S.W.3d 264, 266–67. There, the Arkansas Supreme Court addressed a preservation question: whether it should raise sovereign immunity sua sponte where the State had not raised it below. *Id*. The court held that sovereign immunity is "not [a] matter[] of subject-matter jurisdiction" and functions as an affirmative defense that must be preserved. *Id*. That holding does not convert a sovereign-immunity dismissal into a merits ruling. *Walther* addressed only the preservation question. *Id*. But the court expressly acknowledged that "sovereign immunity certainly has jurisdictional qualities," *id.*, and it did not disturb the long-settled rule that

19

when sovereign immunity applies, "the trial court acquires no jurisdiction" to reach the merits. *Link*, 17 S.W.3d at 813.

The Arkansas Supreme Court has continued to apply that rule consistently after *Walther*. *See Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d at 619 ("Sovereign immunity is jurisdictional immunity from suit"); *Ark. Dev. Fin. Auth. v. Wiley*, 2020 Ark. 395, at 9, 611 S.W.3d 493, 500 (Baker, J., concurring) (same); *Muntaqim v. Payne*, 2021 Ark. 162, at 3, 628 S.W.3d 629, 634 (same); *2600 Holdings*, 2022 Ark. 140, at 7, 646 S.W.3d at 103 (merits decisions "outside of our jurisdiction" on interlocutory sovereign-immunity appeal). *Walther* and the *Andrews* line are not in conflict. They address different questions: *Walther* governs whether sovereign immunity must be preserved and can be waived (yes); the *Andrews* line governs whether a sovereign-immunity ruling reaches the substantive merits of the plaintiff's claim (no). Those are independent inquiries.

Eleventh Amendment immunity fits the same pattern—jurisdictional in nature yet capable of waiver, the same hybrid Arkansas has adopted for Article 5, § 20. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (Eleventh Amendment bar "does not automatically destroy original jurisdiction," "grants the State a legal power to assert a

20

sovereign immunity defense," and may be waived if not raised); *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997) (Eleventh Amendment "enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction"). The waivability of an immunity does not convert a ruling on that ground into a merits adjudication, and the jurisdictional character of such a ruling places it outside the ordinary preclusion rule. Arkansas law reaches the same conclusion on its own terms.

The federal framework for claim preclusion points the same direction as Arkansas's rule. The Supreme Court has rejected the proposition that a dismissal labeled "on the merits" is automatically claim-preclusive, expressly excepting jurisdictional dismissals from that rule. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–06 (2001). Federal Rule of Civil Procedure 41(b) codifies the same principle, treating an involuntary dismissal as a merits adjudication "[e]xcept" for dismissals "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." So does the Restatement: "A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on

21

the same claim . . . [w]hen the judgment is one of dismissal for lack of jurisdiction." Restatement (Second) of Judgments § 20(1)(a) (1982).

### B. The Arkansas Supreme Court's Sovereign-Immunity Ruling Was Not on the Merits

The Arkansas Supreme Court's decision in *Land v. BAS* was a sovereign-immunity ruling, not a merits one. It came to the court on interlocutory appeal from the circuit court's denial of Land's motion for summary judgment on sovereign-immunity grounds, under Arkansas Rule of Appellate Procedure–Civil 2(a)(10). *Land*, 2025 Ark. 107, at 2. That posture defined, and limited, what the court could decide. *See 2600 Holdings*, 2022 Ark. 140, at 7, 646 S.W.3d at 103; Ark. R. App. P.-Civ. 2(a)(10).

The Arkansas Supreme Court's opinion contains an extensive discussion of the adequacy of the August 2021 notice and a discussion stating that tax sales are not "takings" within the meaning of the Fifth Amendment. *Land*, 2025 Ark. 107, at 5–12, 713 S.W.3d at 6–10. That analysis looks merits-like. On plenary review, it would be. On interlocutory sovereign-immunity review, it cannot be.

The structure of Arkansas's unconstitutional-acts exception requires that discussion of BAS's claims. To decide whether sovereign immunity bars suit, the court must examine whether the plaintiff has

22

alleged facts that, if true, would constitute an unconstitutional act. *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 268. But there is a line between that necessary examination and a merits judgment. The notice and takings analysis answered a jurisdictional question, not a constitutional one. Given the procedural posture, it could not have answered any other.

*2600 Holdings* confirms this reading. The court there engaged in a detailed analysis of the plaintiff's constitutional and statutory claims—precisely because it had to, to decide whether the plaintiff had pleaded around immunity. Yet it held expressly that its ruling was jurisdictional and that "a decision on the merits . . . [was] outside of [its] jurisdiction." 646 S.W.3d at 103. The same is true of *Land v. BAS*. The court's notice analysis, its takings holding, and its Supremacy Clause discussion, *Land*, 2025 Ark. 107, at 5–14, were each steps toward answering the single question before it: whether BAS had "plead[ed] facts that, if proven, would demonstrate" an illegal or unconstitutional act "sufficient to avoid sovereign immunity." *Id.* at 4 (quoting *Williams*, 535 S.W.3d at 269). The court framed its conclusion in those terms: BAS had "failed to allege an illegal or unconstitutional act that would overcome sovereign immunity."

23

*Id.* at 6. A ruling the court had no authority to make as a merits judgment cannot be transformed into one by Land's relabeling. Because the Arkansas Supreme Court ruled in *Land v. BAS* that Land was entitled to sovereign immunity, the trial court did not have jurisdiction to adjudicate the claims against Land. *Link*, 17 S.W.3d at 813. Thus, the case was dismissed for lack of jurisdiction, not because BAS failed to show a constitutional violation on the merits.

Arkansas preclusion law requires a judgment on the merits by a court of competent jurisdiction. *Toran*, 297 Ark. at 419, 764 S.W.2d at 42. Arkansas law is clear that when sovereign immunity applies, the trial court has no jurisdiction. *Link*, 17 S.W.3d at 813. Thus, the state court lawsuit here fails to meet the standards to establish claim preclusion under Arkansas law. The district court erred in holding otherwise, and its dismissal should be reversed.

### C. *Scott v. City of Sherwood* Does Not Control

Below, Land argued that *Scott* controls and the district court cited it approvingly for the proposition that "a dismissal with prejudice based on sovereign immunity was a final judgment on the merits." Jt. App. 076; R. Doc. 11, at 4. However, *Scott* never addressed the question BAS

24

presses: whether a ruling on sovereign-immunity grounds is a final judgment *on the merits* for Arkansas claim-preclusion purposes.

The plaintiff in *Scott* raised two—and only two—arguments against claim preclusion: "(1) claim preclusion does not apply because the Arkansas court lacked jurisdiction, and (2) the Arkansas court did not enter a valid final judgment." 94 F.4th at 780. The plaintiff-appellant in *Scott* argued that "sovereign immunity is a question of subject matter jurisdiction" and that the state court "did not have subject matter jurisdiction." Br. of Appellant, *Scott v. City of Sherwood*, No. 23-1148, 2023 WL 2948802 at *11, *21 (8th Cir. Apr. 5, 2023). The Eighth Circuit rejected the first by holding, under *Walther*, that sovereign immunity is an affirmative defense rather than a matter of subject-matter jurisdiction. *Scott*, 94 F.4th at 780–81. It rejected the second by citing *Orr v. Hudson*, 2010 Ark. 484, at 6, 374 S.W.3d 686, 691, for the general proposition that a dismissal with prejudice is a final judgment. *Id.* at 781. Neither ruling answers the distinct question whether a sovereign-immunity ruling reaches the merits.

That question was neither briefed nor analyzed in *Scott*. The opinion does not cite *Andrews*, *Wiley*, *Muntaqim*, or *2600 Holdings*—the line

25

Appellate Case: 26-1635    Page: 35    Date Filed: 05/19/2026 Entry ID: 5641428

of Arkansas Supreme Court decisions establishing that sovereign-immunity rulings are jurisdictional and that merits determinations are unavailable when sovereign immunity applies. The opinion applies *Orr*'s general rule without considering whether Arkansas law treats sovereign-immunity rulings differently. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925); *see also United States v. Knowles*, 817 F.3d 1095, 1097 (8th Cir. 2016) (applying *Webster*). *Scott* is not authority on a proposition it neither considered nor decided.

Furthermore, the plaintiff in *Scott* never appealed the state circuit court's immunity dismissal, and this court faulted him for that, noting that he had bypassed the proper remedy for his argument that the state circuit court had gotten the immunity question wrong. *Scott*, 94 F.4th at 781. That detail matters, since the plaintiff in *Scott* had not had the state forum fully closed to him, so Eleventh Amendment immunity continued to bar the federal forum. BAS is in the opposite position. The circuit court here denied sovereign immunity, Land took an interlocutory appeal, and the Arkansas Supreme Court reversed and held that immunity applied.

26

BAS pursued the very remedy *Scott* faulted its plaintiff for skipping, and Arkansas's highest court has now ruled. The state forum is closed.

BAS's argument here is neither of the two that *Scott* rejected. BAS does not contend that sovereign immunity is subject-matter jurisdiction under Rule 12(h)(3), and it does not contend that the Arkansas Supreme Court's decision is non-final. BAS contends that the decision, though final, is not a judgment *on the merits*—a separate element of Arkansas claim preclusion that *Scott* did not address. *Beebe*, 231 S.W.3d at 635.

### D. The Eighth Amendment Claim Likewise Is Not Precluded under the "Could Have Been Brought" Theory

The district court dismissed BAS's Eighth Amendment excessive-fines claim because it "arises from the same events as the previous lawsuit and could have been brought then." Jt. App. 076; R. Doc. 11, at 4. But the "could have been brought" rule is an application of the fourth element of claim preclusion—same claim or cause of action—and element four does not operate alone. Claim preclusion remains a conjunctive test. *Beebe*, 231 S.W.3d at 635. The first element still requires a final judgment on the merits. *Luckett*, 2024 Ark. 139, at 3. For the reasons explained above, no such judgment exists. That deficiency is fatal to claim preclusion as to every claim arising from the tax sale—including claims BAS

27

Appellate Case: 26-1635     Page: 37     Date Filed: 05/19/2026 Entry ID: 5641428

did not raise. A jurisdictional dismissal "does not bar another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 20(1)(a) (1982).

The "could have been brought" theory also fails on its own terms. Land argued below that "[t]here was nothing preventing BAS from raising the Eighth Amendment in state court." Jt. App. 062; R. Doc. 7, at 6. But sovereign immunity *was* preventing it. Had BAS included an Eighth Amendment count, Land would have asserted immunity against that claim too—and prevailed, for the same reasons the Arkansas Supreme Court held he was immune from the due process and takings claims. Land cannot simultaneously maintain that sovereign immunity closed the state courthouse to BAS's constitutional claims and that BAS should have raised additional constitutional claims in that courthouse. *See* Restatement (Second) of Judgments § 26(1)(c) (1982) (claim splitting rule inapplicable where "the plaintiff was unable to rely on a certain theory of the case" because of jurisdictional limitations); *Charchenko v. City of Stillwater*, 47 F.3d 981, 985 (8th Cir. 1995) (state-court dismissal on jurisdictional grounds, although "with prejudice," was "not a judgment on the merits" and did not preclude federal relitigation).

28

The district court's dismissal of the Eighth Amendment claim should be reversed.

## II. BAS's Claims Are Not Precluded Under Collateral Estoppel Because the Issues Are Different

The district court also erred in alternatively dismissing on issue preclusion grounds. The Arkansas Supreme Court dismissed BAS's claims on sovereign immunity grounds, and did not address the issue of whether Land was ultimately liable on BAS's § 1983 claims.

### A. Application of Collateral Estoppel Requires the Same Narrow Issue to Be at Issue in Both Cases

The same standard of review from claim preclusion applies to issue preclusion; because the judgment at issue was rendered by the Arkansas Supreme Court, Arkansas preclusion law controls, and this court reviews the district court's dismissal *de novo*. *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019).

Issue preclusion, also called collateral estoppel, bars relitigation of issues of law or fact that were actually litigated in a prior proceeding. *Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 394, 206 S.W.3d 842, 844 (2005). It is distinct from claim preclusion. Where claim preclusion bars issues that merely *could have been* litigated, issue preclusion

29

requires actual litigation. *State Office of Child Support Enforcement v. Willis*, 347 Ark. 6, 16, 59 S.W.3d 438, 445 (2001).

Four elements must be satisfied before a prior determination is conclusive in a subsequent proceeding: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993); *Palmer v. Arkansas Council on Economic Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001).

The party asserting issue preclusion bears the burden of demonstrating that the precise issue on which it claims preclusion was decided in the previous case. *Guidry*, 66 Ark. App. 93, 987 S.W.2d 755; *Smith v. Roane*, 284 Ark. 568, 570, 683 S.W.2d 935, 936 (1985). The doctrine is limited to those matters that were "directly and necessarily adjudicated" in the prior proceeding. *Brown v. Wyatt*, 89 Ark. App. 306, 202 S.W.3d 555 (2005). "The question of whether an issue was previously litigated is interpreted very narrowly for purposes of collateral estoppel." *Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 705, 898 S.W.2d 471, 473 (1995).

30

In addition to the four elements, the party against whom issue preclusion is asserted must have been a party to the earlier action and must have had a full and fair opportunity to litigate the issue in that first proceeding. *Willis*, 347 Ark. at 15, 59 S.W.3d at 444. The Arkansas Supreme Court has emphasized "the necessity for trying the issue sought to be estopped." *Id.* An issue that was not squarely presented, contested, and resolved in the prior proceeding is not precluded. *Brown v. Wyatt*, 89 Ark. App. 306, 202 S.W.3d 555 (2005); *Beebe*, 365 Ark. 536, 231 S.W.3d 628.

### B. Arkansas Interprets "Same Issue" Narrowly, and a Threshold Immunity Determination Is Not the Same Issue as Substantive Constitutional Liability

None of the issues to be decided on BAS's federal claims here are the "precise issue" decided in the Arkansas state court case. *Roane*, 284 Ark. at 570. The issue before the Arkansas Supreme Court was whether BAS had "failed to plead an unconstitutional or illegal act that would overcome sovereign immunity." *Land*, 2025 Ark. 107, at 5, 713 S.W.3d at 5. The issue in this federal action is whether Land's conduct actually violated BAS's right to due process under the Fifth and Fourteenth Amendments. Those are different questions, and *Guidry* shows why.

31

In *Guidry*, a federal court found that a police officer was entitled to qualified immunity from a § 1983 claim because his arrest of the plaintiff was "reasonable, even if mistaken." 66 Ark. App. at 96, 987 S.W.2d at 756. When the plaintiff brought state-law tort claims arising from the same arrest, the defendant argued collateral estoppel. The Court of Appeals reversed, holding that "the issue sought to be precluded, *i.e.*, whether Jones's conduct was tortious, is not the same as the issue litigated in federal court, *i.e.*, whether Jones was entitled to qualified immunity." *Id.* at 100, 987 S.W.2d at 758. The two inquiries measured different things using different standards. Qualified immunity protects all but the "plainly incompetent"; the question is not probable cause in fact, but *arguable* probable cause. *Id.* at 99–100, 987 S.W.2d at 758. Those lenient standards exist "in order that officers may pursue their duties without fear of being sued." *Id.* at 100, 987 S.W.2d at 758. A person whose conduct clears that low bar may still have committed assault, false imprisonment, or malicious prosecution, because the substantive claims require proof the immunity analysis never reaches.

The same structural gap separates what happened in *Land* from what is at issue here. Arkansas sovereign immunity asks whether a

32

plaintiff has "plead sufficient facts to demonstrate an unconstitutional act that would avoid application of sovereign immunity." *Williams*, 2018 Ark. 17, at 3, 535 S.W.3d at 268. And when the Arkansas Supreme Court reviews that question on interlocutory appeal, "a decision on the merits . . . is outside of our jurisdiction." *2600 Holdings*, 2022 Ark. 140, at 7, 646 S.W.3d 99, 103. The immunity inquiry is a gatekeeping function. It asks whether the plaintiff showed enough to get past the State's threshold defense so the case could proceed. A § 1983 due process claim asks a different question: whether the government official actually deprived the plaintiff of a constitutionally protected right. The standards are different, the burdens are different, and the legal tests are different.

In *Guidry*, the fact that the officer's conduct survived a qualified-immunity challenge did not mean his conduct survived scrutiny under state tort law. Here, the fact that BAS's due process allegations did not overcome sovereign immunity does not mean Land's notice efforts satisfied the Constitution. The state court assessed whether BAS had pleaded enough to pierce the State's immunity from suit. This Court is asked to assess whether Land actually violated due process. Under

33

Appellate Case: 26-1635     Page: 43     Date Filed: 05/19/2026 Entry ID: 5641428

Arkansas's narrow construction of "same issue," those are not the same question.

This point becomes even clearer when you flip the outcome. Suppose the Arkansas Supreme Court had affirmed the circuit court and held that sovereign immunity did not apply. Could BAS then turn around and use that ruling to preclude Land from contesting liability in federal court? Obviously not. A holding that Land was not shielded by sovereign immunity would say nothing about whether his conduct actually violated BAS's due process rights. It would mean only that the courthouse door was open. BAS would still have to prove its constitutional claims at trial, because that is exactly what the circuit court had scheduled before the appeal. The liability question was never reached. *See 2600 Holdings*, 2022 Ark. 140, at 7, 646 S.W.3d 99, 103 (merits outside jurisdiction on interlocutory appeal concerning sovereign immunity).

## C. The Arkansas Supreme Court Never Decided BAS's Actual Takings Theory

The same arguments apply to the takings claim as well; the question of whether sovereign immunity applied based on the pleadings is distinct from the question of whether Arkansas committed an unconstitutional taking against BAS. But the problem with issue preclusion on

34

the takings claim is even more basic. The Arkansas Supreme Court did not address BAS's takings theory, as it stated that the takings claim was essentially a subset of the due process claim.

BAS's takings claim rests on *Tyler*, 598 U.S. 631, which held that the government commits a taking when it retains surplus equity from a tax sale. *Id.* at 642. The question under *Tyler* is whether Land kept property value exceeding the tax debt owed. The property was worth $1.5 million. Jt. App. 011; R. Doc. 1, at 9, ¶ 57. The tax debt was $32,700. Jt. App. 010; R. Doc. 1, at 8, ¶ 56. Land sold the property for $26,654.78 and retained the proceeds without returning any surplus to BAS. Jt. App. 011; R. Doc. 1, at 9, ¶¶ 59–60. That is the taking.

The Arkansas Supreme Court never engaged with that theory. Instead, it recharacterized BAS's takings claim as a repackaged due process challenge, writing that BAS's "takings claims rely on the argument that—under *Jones*—a tax sale without proper notice constitutes a taking." *Land*, 2025 Ark. 107, at 9, 713 S.W.3d at 8. Having collapsed the takings claim into the due process claim, the court concluded both failed for the same reason: Land's pre-sale notice was adequate. *Id.* at 9–10, 713 S.W.3d at 8–9. The court sidestepped the *Tyler* retention-of-surplus

35

theory entirely and instead addressed only whether the tax-sale *process* was fair.

But a *Tyler* taking does not depend on notice. It depends on what happens to the equity. A government can provide perfectly adequate notice and still commit a taking if it keeps the surplus. *Tyler*, 598 U.S. at 642. The state court's finding that Land's August 2021 mailing satisfied due process says nothing about whether Land's retention of nearly $1.5 million in equity beyond the $32,700 tax debt constituted a taking for which just compensation is required.

Issue preclusion requires that "precisely the same issue was litigated in the prior action." 18 Charles Alan Wright et al., Federal Practice & Procedure § 4417 (3d ed.); *accord Goston*, 320 Ark. at 705, 898 S.W.2d at 473. Four factors guide the inquiry: whether there is substantial overlap in evidence or argument; whether the same rule of law applies; whether pretrial preparation in the first action would have embraced the matter now at issue; and how closely related the claims are. *See Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995). BAS's *Tyler* claim requires different evidence (what happened to the surplus equity, not whether notice was adequate), applies a different rule of law (*Tyler*'s

36

Appellate Case: 26-1635     Page: 46     Date Filed: 05/19/2026 Entry ID: 5641428

prohibition on retaining surplus, not the sovereign-immunity exception for unconstitutional acts), and raises a question the state court never reached. There is no overlap, let alone identity.

Land bears the burden of proving that the precise issue was decided in the prior case. *Guidry*, 66 Ark. App. at 100, 987 S.W.2d at 758. He cannot carry it. The state court decided sovereign immunity. It decided that BAS had not shown enough to overcome that threshold defense. This Court is asked to decide whether Land violated BAS's constitutional rights. Under Arkansas's narrow reading of "same issue," those are different questions, and issue preclusion does not bar either BAS's due process claim or its takings claim.

## III. Applying *Res Judicata* to BAS's Claims Would Work an Injustice

Even if this Court were to find the technical elements of preclusion satisfied, applying res judicata here would produce exactly the kind of injustice Arkansas courts have held the doctrine must avoid. Before the state court ruled, the Eleventh Amendment would have barred BAS's claims in federal court; now that the state court has closed its doors on sovereign immunity grounds, Land argues preclusion should keep them

37

Appellate Case: 26-1635    Page: 47    Date Filed: 05/19/2026 Entry ID: 5641428

closed in federal court too. Review is still *de novo* because the question is whether claim or issue preclusion applies as a matter of Arkansas law.

## A. *Res Judicata* and Collateral Estoppel Should Not Be Applied so Rigidly to Work an Injustice

Both claim preclusion and issue preclusion under Arkansas law require that the party against whom preclusion is asserted had a full and fair opportunity to litigate. *See Carwell Elevator Co. v. Leathers*, 352 Ark. 381, 389, 101 S.W.3d 211, 217 (2003) (claim preclusion "applies against a party only when the party had a fair and full opportunity to litigate the issues in question"); *State Office of Child Support Enforcement v. Willis*, 347 Ark. 6, 15, 59 S.W.3d 438, 445 (2001) (issue preclusion requires that "the party against whom it is asserted . . . must have had a full and fair opportunity to litigate the issue in that first proceeding"). These requirements reflect a broader principle: the doctrine of res judicata "is to be applied in particular situations as fairness and justice require and . . . is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice." *Ark. La. Gas Co.,* 314 Ark. at 67, 858 S.W.2d at 90–91.

Arkansas courts have recognized exceptions to res judicata consistent with these principles. In *Bisbee v. Decatur State Bank*, 2010 Ark. App. 459, at *6, 376 S.W.3d 505, 510, the Court of Appeals stated that

Appellate Case: 26-1635    Page: 48    Date Filed: 05/19/2026 Entry ID: 5641428

Arkansas had previously acknowledged "exceptions to the rule" of res judicata in *Brandon v. Ark. W. Gas Co.*, 76 Ark. App. 201, 211, 61 S.W.3d 193, 201 (2001). *Brandon* cited the exceptions set forth in Restatement (Second) of Judgments § 26 (1982). *Id.* Among them is the rule that claim preclusion does not apply when "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of . . . restrictions on [the court's] authority . . . ." Restatement (Second) of Judgments § 26(1)(c); *see also Brandon*, 76 Ark. App. at 211, 61 S.W.3d at 201. The comment to this provision explains that the general rule "is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim." Restatement (Second) of Judgments § 26, cmt. c. "When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." *Id.*

The Arkansas Supreme Court has applied similar reasoning, holding that preclusion doctrines "do not bar a subsequent action where . . . a

Appellate Case: 26-1635    Page: 49    Date Filed: 05/19/2026 Entry ID: 5641428

party was actually prohibited from asserting a claim in the earlier action." *Cater v. Cater*, 311 Ark. 627, 632, 846 S.W.2d 173, 176 (1993). Other authority is in accord. 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4426 (3d ed.) (res judicata "should not be exercised in such a manner as to work an injustice"); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758–59 (8th Cir. 2003) ("[P]reclusion can be avoided by a 'compelling showing of unfairness.'") (quoting Restatement (Second) of Judgments § 26, cmt. j).

These limitations carry particular weight where federal constitutional rights are at stake. Section 1983 provides a cause of action against persons who, under color of state law, deprive a citizen of rights secured by the Constitution. 42 U.S.C. § 1983. Its purpose is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Congress enacted § 1983 to provide a federal remedy precisely because state processes could not always be counted on to protect federal rights. *Monroe*, 365 U.S. at 172, 180 (§ 1983 was enacted because "state laws might not be enforced" and federally guaranteed rights "might be denied by the state agencies").

40

Appellate Case: 26-1635    Page: 50    Date Filed: 05/19/2026 Entry ID: 5641428

### B. Land's Preclusion Argument Is Irreconcilable with His Sovereign Immunity Defense

Land cannot simultaneously maintain that sovereign immunity deprived the state court of jurisdiction over BAS's federal claims and that BAS should have litigated those claims there. Yet that is precisely what his preclusion argument requires. In state court, Land argued that sovereign immunity barred BAS's constitutional claims, and the Arkansas Supreme Court agreed. *Land*, 2025 Ark. 107, 713 S.W.3d 1. Now, in federal court, Land argues that BAS's failure to obtain a merits ruling on those same claims should preclude them. He is using the state court's refusal to hear the case as a basis to block the only remaining forum.

The state court proceedings never produced a merits determination on BAS's constitutional claims. The circuit court found genuine issues of material fact and denied Land's summary judgment motion. *Id.* at 3. Land filed an interlocutory appeal on sovereign immunity grounds alone, and the Arkansas Supreme Court reversed on that threshold question. The merits were never reached. *See 2600 Holdings*, 2022 Ark. 140, at 7; *supra* Section I.B.

That ruling was jurisdictional. Arkansas treats sovereign immunity as jurisdictional immunity from suit. *Andrews*, 2018 Ark. at 5, 535

41

Appellate Case: 26-1635     Page: 51     Date Filed: 05/19/2026 Entry ID: 5641428

S.W.3d at 616, 619. A jurisdictional ruling that prevented BAS from obtaining a merits determination on Land's liability is exactly the kind of formal barrier the Restatement and Arkansas case law recognize as an exception to preclusion. *See* Restatement (Second) of Judgments § 26(1)(c); § 26, cmt. c; *Cater*, 311 Ark. at 632. BAS was not simply disadvantaged in the state proceedings; it was prohibited from a merits determination on Land's liability for its federal constitutional claims. A party told the courthouse is closed to its claims has not been given a fair opportunity to litigate them. *See Leathers*, 352 Ark. at 389.

## C. Applying Preclusion Here Would Deny BAS Any Forum for Its Constitutional Claims

If the sovereign immunity ruling precludes BAS's claims in federal court, then BAS has no forum at all. The state court said it cannot hear the claims. Land now says the federal court cannot hear them either. The result is that Land took BAS's property, kept the surplus equity in violation of *Tyler*, 598 U.S. 631, and faces accountability nowhere.

That is incompatible with the purpose of § 1983. Congress created the federal remedy because state processes could not always be relied on to enforce federal rights, and a plaintiff need not exhaust state remedies before invoking the federal one. *See Monroe*, 365 U.S. at 180, 183; *Wyatt*,

42

504 U.S. at 161. Section 1983 was designed for situations where the state has failed to protect a citizen's constitutional rights. This is that situation.

The Eighth Circuit's own precedent suggests Land's position results in an impossible Catch-22. In *EEE Minerals, LLC v. State of North Dakota*, the court held that the Eleventh Amendment bars federal claims against a state as long as state courts remain open to hear them. 81 F.4th 809, 816 (8th Cir. 2023). The necessary corollary is straightforward: when state courts are closed, the federal forum must open. Land cannot use the state court's refusal to hear BAS's claims as a sword to block the federal court from hearing them too.

The Supreme Court rejected exactly this kind of procedural trap in *Knick v. Township of Scott*, 588 U.S. 180, 184–85 (2019), refusing to force a plaintiff into a position where going to state court first meant losing access to federal court. That is what Land asks this Court to impose on BAS. Arkansas's own courts have said res judicata must yield when rigid application would work an injustice. *See Ark. La. Gas Co.*, 314 Ark. at 67. Stripping a property owner of any forum to challenge the

43

Appellate Case: 26-1635    Page: 53    Date Filed: 05/19/2026 Entry ID: 5641428

unconstitutional taking of its property is about as clear a case for that exception as the doctrine contemplates.

## CONCLUSION

For the foregoing reasons, Appellant BAS, LLC respectfully requests that this Court reverse the district court's judgment.

If this Court agrees that the Arkansas Supreme Court's sovereign-immunity ruling was not a final judgment on the merits, claim preclusion fails as to all three claims, and issue preclusion independently fails for the reasons stated above. The case should be remanded for proceedings on BAS's due process, takings, and excessive fines claims.

Even if this Court concludes that issue preclusion bars relitigation of certain issues decided in the state proceedings, the Eighth Amendment excessive-fines claim remains unaffected. That claim was not raised in state court, was not litigated, and was not addressed by the district court's issue-preclusion ruling. The only basis for its dismissal was the claim-preclusion theory that it "could have been brought" in state court. If that theory fails, the excessive-fines claim survives regardless of the outcome on issue preclusion.

44

Appellate Case: 26-1635     Page: 54     Date Filed: 05/19/2026 Entry ID: 5641428

At minimum, BAS requests that this Court reverse the dismissal of

the Eighth Amendment claim and remand for further proceedings.

Respectfully submitted,

/s/ *Robert H. Thomas*

| | |
|---|---|
| JOE FALASCO | ROBERT H. THOMAS |
| LAURA L. O'HARA | Pacific Legal Foundation |
| Quattlebaum, Grooms & Tull PLLC | 555 Capitol Mall |
| 111 Center St, Suite 1900 | Suite 1290 |
| Little Rock, AR, 72201 | Sacramento, CA 95814 |
| (501) 379-1776 | (916) 419-7111 |
| jfalasco@qgtlaw.com | RThomas@pacificlegal.org |
| lohara@qgtlaw.com | |

*Counsel for Appellant*

Appellate Case: 26-1635     Page: 55     Date Filed: 05/19/2026 Entry ID: 5641428

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 9,089 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

3. This brief and the accompanying addendum have been scanned for viruses and are virus-free.

DATED: May 18, 2026.

*/s/ Robert H. Thomas*
ROBERT H. THOMAS
*Attorney for Appellant*

Appellate Case: 26-1635     Page: 56     Date Filed: 05/19/2026 Entry ID: 5641428

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on May 18, 2026. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Robert H. Thomas
ROBERT H. THOMAS
*Attorney for Appellant*

47

Appellate Case: 26-1635    Page: 57    Date Filed: 05/19/2026 Entry ID: 5641428